JAMES C. OTTESON (S.B. #157781)
  jim@agilityiplaw.com
BRANDON BAUM (S.B. #121318)
  brandon@agilityiplaw.com
AGILITY IP LAW, LLP
149 Commonwealth Drive
Menlo Park, CA 94025
Telephone:  (650) 227-4800
Facsimile:   (650) 318-3483

Attorneys for Plaintiff Eran Salu

DANIEL M. PETROCELLI (S.B. #97802)
  dpetrocelli@omm.com
VICTOR JIH (S.B. #186515)
  vjih@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone:  (310) 553-6700
Facsimile:   (310) 246-6779

Attorneys for Defendant
Generational Equity of California, LLC,
Generational Equity, LLC, GW Equity, LLC,
and GW Equity Group, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERAN SALU, an individual,<br><br>                    Plaintiffs,<br><br>        v.<br><br>GENERATIONAL EQUITY OF CALIFORNIA, LLC, a limited liability company, GENERATIONAL EQUITY, LLC, GW EQUITY, LLC, GW EQUITY GROUP, INC., and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No. CV–12–1436–CAS (CW)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Action Filed:  August 31, 2012<br>Trial Date:     April 29, 2014<br><br>Dated:            June 28, 2013<br><br>***NOTE CHANGES MADE BY THE COURT*** |

**IT IS HEREBY STIPULATED AND AGREED** by and between Plaintiff Eran Salu ("Salu") and Defendants Generational Equity of California, LLC, Generational Equity, LLC, GW Equity, LLC, and GW Equity Group, Inc., as follows:

## 1. GOOD CAUSE STATEMENT

Disclosure and discovery activity in this action are likely to involve production of certain documents and information pertaining to the parties' financial information, client records, marketing or business strategies, or other kinds of competitive, commercially sensitive or proprietary information, which require special protection from public disclosure and from use for any purpose other than prosecuting this litigation. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Protective Order. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. This Protective Order shall govern not only all Protected Material as defined below, but also all copies, excerpts, summaries, or compilations thereof, materials derived therefrom, and testimony, conversations, or presentations by Parties or Counsel that might reveal Protected Material.

## 2. DEFINITIONS

2.1.   <u>Party</u>:  any named party to this action, including all of its officers, directors, employees, house counsel, corporate parents, subsidiaries, affiliates, consultants, retained experts, and outside counsel (and their support staff).

2.2.   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

1    2.3.    <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that the designating Party believes in good faith constitutes or embodies matter used by it in or pertaining to its business, which matter is not generally known and which the designating Party would not normally reveal to third parties or would cause third parties to maintain in confidence, and any other information that would qualify as Confidential pursuant to the applicable legal standard.

2.4.    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: certain limited "Confidential" information (regardless of how generated, stored or maintained, including testimony or documents or tangible things) that constitutes or contains (i) information within the definition of trade secret provided by state or federal law; (ii) customer lists and documents or information that identify customers; and (iii) any other information that contains trade secrets or other confidential research, development or commercial or financial information which would cause significant harm to the designating Party if disclosed to persons other than those described in Paragraph 7.3 below.

2.5.    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.6.    <u>Outside Counsel</u>: attorneys who are not a Party or employees of a Party but who are retained to represent or advise a Party in this action.

2.7.    <u>House Counsel</u>: attorneys who not a Party but are employees of a Party.

2.8.    <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.9.    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been or may be retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a party, a current employee of a Party, or a direct competitor of a Party and who, at the time

1  of retention, is not anticipated to become an employee of a Party or a direct
2  competitor of a Party.  This definition includes a professional jury or trial
3  consultant retained in connection with this litigation.
4      2.10.     Professional Vendors:  persons or entities that provide litigation
5  support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or
6  demonstrations; organizing, storing, retrieving data in any form or medium; etc.)
7  and their employees and subcontractors.
8      2.11.     Conclusion or Termination of this Litigation:  the later of (i) full
9  settlement of all claims, final judgment herein or the completion and exhaustion of
10 all appeals, rehearings, remands, trials and reviews, if any, of this action, or (ii) the
11 expiration of all time limits under applicable law for the filing of or appeals,
12 rehearings, remands, trials or reviews of this action, including the time limits for the
13 filing of any motions or applications for extension of time pursuant to applicable
14 law.
15 **3. SCOPE**
16     The protections conferred by this Protective Order cover not only Protected
17 Material (as defined above), but also any information copied or extracted therefrom,
18 as well as all copies, excerpts, summaries, or compilations thereof, plus testimony,
19 conversations, or presentations by parties or counsel settings that might reveal
20 Protected Material.
21 **4. DURATION**
22     Following the Conclusion or Termination of this Litigation, the
23 confidentiality obligations imposed by this Protective Order shall remain in effect
24 until a Designating Party agrees otherwise in writing or a court order otherwise
25 directs.
26 **5. DESIGNATING PROTECTED MATERIAL**
27     5.1.     Exercise of Restraint and Care in Designating Material for Protection.
28 Each Party or non-party that designates information or items for protection under

1  this Protective Order shall limit any such designation to specific material that
2  qualifies under the appropriate standards. A Party shall designate for protection
3  only those parts of material, documents, items, or oral or written communications
4  that qualify — so that other portions of the material, documents, items, or
5  communications for which protection is not warranted are not swept unjustifiably
6  within the ambit of this Protective Order.

7       Mass, indiscriminate, or routinized designations are prohibited. Designations
8  that are shown to be clearly unjustified, or that have been made for an improper
9  purpose (e.g. to unnecessarily encumber or retard the case development process, or
10 to impose unnecessary expenses and burdens on other parties), expose the
11 designating Party to sanctions, if not properly withdrawn.

12      If a Party or a non-party concludes that information or items that have been
13 designated for protection do not qualify for protection at all, or do not qualify for
14 the level of protection initially asserted, that Party or non-party must promptly
15 notify all other parties in writing that it is withdrawing the incorrect designation or
16 that it is challenging the designation.

17   5.2.     Manner and Timing of Designations. Except as otherwise provided in
18 this Protective Order (*see, e.g.*, second paragraph of section 5.2(a) and section 5.3,
19 below), or as otherwise stipulated or ordered, material that qualifies for protection
20 under this Protective Order must be clearly so designated before the material is
21 disclosed or produced.

22      Designation in conformity with this Protective Order requires:

23      (a)   for information in documentary form (apart from transcripts of
24 depositions or other pretrial or trial proceedings), that the producing Party affix the
25 legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
26 EYES ONLY" on each page that contains protected material

27      (b) for electronically stored information, or information produced in
28 this matter shall be electronically tagged on the produced electronic file and

1  branded on the image of the produced image of each page with the appropriate
2  legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
3  EYES ONLY". With respect to any material not produced in paper form (such as
4  diskettes, magnetic media, and other material not produced in paper form) and that
5  is not susceptible to the imprinting of a stamp signifying its confidential nature, the
6  producing party shall, to the extent practicable, produce such material with a cover
7  labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
8  EYES ONLY" as appropriate, and shall inform all counsel in writing of the
9  designation of such designated material at the time it is produced.

10           (c)    <u>for testimony given in deposition</u>, that the Party or non-party
11  offering or sponsoring the testimony identifies on the record, before the close of the
12  deposition all protected testimony, and further specify any portions of the testimony
13  that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
14  ATTORNEYS' EYES ONLY." When it is impractical to identify separately each
15  portion of testimony that is entitled to protection, and when it appears that
16  substantial portions of the testimony may qualify for protection, the Party or non-
17  party that sponsors, offers, or gives the testimony may invoke on the record (before
18  the deposition is concluded) a right to have up to 20 days from the date of receipt of
19  the transcript to identify the specific portions of the testimony as to which
20  protection is sought and to specify the level of protection being asserted
21  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
22  ONLY"). When this right has been invoked, the transcript shall be treated as
23  "CONFIDENTIAL" during the sooner of: (a) 20 days from the date of receipt of
24  the transcript; or (b) the date that the specific portions of testimony for which
25  protection is sought have been designated as "CONFIDENTIAL" or "HIGHLY
26  CONFIDENTIAL – ATTORNEYS' EYES ONLY" and such designations have
27  been served. The foregoing applies only if the above-mentioned 20-day period is
28  invoked. Only those portions of the testimony that are appropriately designated for

1  protection within the 20 days shall be covered by the provisions of this Protective
2  Order.
3        (d)    <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."
8      5.3.    <u>Inadvertent Production or Failure to Designate</u>.
9        (a)    Any inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" does not waive a Party's right to secure protection under this Protective Order for such material. In the event of inadvertent failure to designate, the producing Party shall identify such document or thing promptly in writing after the inadvertent production is discovered and provide a copy of such document or thing with the proper designation to counsel of the receiving Party, upon receipt of which the receiving Party shall promptly return or verify in writing that it has destroyed all copies of the document or thing in its previously undesignated or misdesignated form.
19        (b)    Any inadvertent production of documents containing privileged information shall not be deemed a waiver of the attorney-client privilege, work product doctrine, or any other applicable privilege or doctrines protecting against disclosure of confidential information or other third party private information. The Parties specifically reserve the right to demand the return of any and all privileged documents that they may produce inadvertently during discovery if the producing Party determine that such documents contain privileged information. After receiving notice of such inadvertent production by the producing Party, the receiving Party agrees to make reasonable and good faith efforts to immediately locate and return to the producing party all such inadvertently produced documents.

1  Additionally, the receiving Party agrees to identify all unqualified persons having
2  received all such inadvertently produced documents.

3  **6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

4      6.1.    <u>Timing of Challenges</u>.  Any challenge to a designating Party's
5  confidentiality designation shall be made as promptly as the circumstances permit.

6      6.2.    <u>Meet and Confer</u>.  A Party wishing to challenge a designating Party's
7  confidentiality designation shall begin the process by conferring directly with
8  counsel for the designating Party.  The provisions of Local Rule 37 shall apply to
9  all such challenges.

10      6.3.    <u>Judicial Intervention</u>.  If the parties are unable to informally resolve a
11  challenge to a particular designation, the challenging Party may file and serve a
12  motion under seal that identifies the challenged material and sets forth in detail the
13  basis for the challenge.  The burden to justify the particular designation on such a
14  motion shall be on the designating Party.  Each such motion must be accompanied
15  by a competent declaration that affirms that the movant has complied with the meet
16  and confer requirements imposed in the preceding paragraph and that sets forth
17  with specificity the justification for the confidentiality designation that was given
18  by the designating Party in the meet and confer dialogue.  Until the Court rules on
19  the challenge, all parties shall continue to afford the material in question the level of
20  protection to which it is entitled under the producing Party's designation.

21  **7. ACCESS TO AND USE OF PROTECTED MATERIAL**

22      7.1.    <u>Basic Principles</u>.  A receiving Party may use Protected Material that is
23  disclosed or produced by another Party or by a non-party in connection with this
24  case only for prosecuting, defending, or attempting to settle this litigation.  Such
25  Protected Material may be disclosed only to the categories of persons and under the
26  conditions described in this Protective Order.  <u>The Court will determine the extent</u>
27  <u>to which the Protective Order will control the use of Protected Material at trial or in</u>
28

<u>other court hearings</u>.  When the litigation has been terminated, a receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

  Protected Material must be stored and maintained by a receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

  7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the designating Party, a receiving Party may disclose any information or item designated CONFIDENTIAL only to:

    (a) the receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for the prosecution or defense of this litigation;

    (b) the receiving Party's House Counsel, as well as employees of said House Counsel to whom it is reasonably necessary to disclose the information for the prosecution or defense of this litigation;

    (c) Plaintiff Eran Salu;

    (d) the officers, directors, or employees of the receiving Party to whom disclosure is reasonably necessary for the prosecution or defense of this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit 1);

    (e) Experts (as defined in this Protective Order) (1) to whom disclosure is reasonably necessary for the prosecution or defense of this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit 1);

    (f) the Court and its personnel;

    (g) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for the prosecution or defense of this litigation;

      (h)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who testify under oath to their agreement to be bound by this Protective Order; and

      (i)    the author of the document or the original source of the information, and the persons who originally received the document in the ordinary course of business.

    7.3.    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the designating Party, a receiving Party's Counsel may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

      (a)    the receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for the prosecution or defense of this litigation;

      (b)    Experts (as defined in this Protective Order) (1) to whom disclosure is reasonably necessary for the prosecution or defense of this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit 1);

      (c)    the Court and its personnel;

      (d)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for the prosecution or defense of this litigation;

      (e)    the author of the document or the original source of the information, and those persons reasonably believed to have received the document or be knowledgeable about its contents in the ordinary course of business; and

      (f)    any deponent who is an employee of Generational Equity of California, LLC; and

      (g)    during their depositions, any non-party deponent to whom disclosure is reasonably necessary and who have signed the "Agreement to Be

9    STIPULATED PROTECTIVE ORDER
CV–12–1436–CAS (CW)

1  Bound by Protective Order" (Exhibit 1). Pages of the transcribed deposition
2  testimony or exhibits to depositions that reveal Protected Material must be
3  separately bound by the court reporter and may not be disclosed to anyone except
4  as permitted under this Protective Order.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a receiving Party is served by a non-party with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the receiving Party must so notify the designating Party, in writing (by fax, if possible) no more than ten (10) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving Party also must immediately inform in writing the non-party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the receiving Party must deliver a copy of this Protective Order promptly to the non-party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

Protective Order, the receiving Party must immediately (a) notify in writing the designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit 1.

**10. FILING PROTECTED MATERIAL**

If any Protected Material is included with any papers filed with the Court, the filing Party shall lodge such Protected Material along with an application to file such material under seal pursuant to the procedure set forth in Civil Local Rule 79-5.

Nothing contained in this Protective Order shall preclude any party from using its own Protected Material in any manner it sees fit, without prior consent of any other party or the Court.

**11. FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the producing Party, within sixty (60) days after the final termination of this action, each receiving Party must destroy all Protected Material of the producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, electronic files, compilations, summaries or any other form of reproducing or capturing any of the Protected Material of the producing Party.  Upon destruction, the receiving Party must submit a written certification to the producing Party (and, if not the same person or entity, to the designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was destroyed and that affirms that the receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material of the producing Party.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal

1 memoranda, correspondence or attorney work product, even if such materials
2 contain Protected Material.  Any such archival copies that contain or constitute
3 Protected Material remain subject to this Protective Order as set forth in Section 4
4 (DURATION), above.

**12. DISCLOSURE OF PROTECTED MATERIAL BY NON-PARTIES**

Non-parties who provide information in response to a subpoena or discovery request may invoke the protection of this Order by (a) designating that information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Protective Order; and (b) signing a copy of this Protective Order.  Any non-party who invokes the protection of this Protective Order shall also be bound by its obligations.

**13. MISCELLANEOUS**

13.1.    <u>Right to Further Relief</u>.  Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2.    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3.    <u>Exclusive Jurisdiction</u>.  This Court shall have the exclusive jurisdiction to enforce any disputes arising out of this Protective Order.

| | | |
|---|---|---|
| Dated: June 28, 2013 | | AGILITY IP LAW, LLP |
| | | By: /s/ Brandon Baum |
| | | Attorneys for Plaintiff Eran Salu |
| Dated: June 28, 2013 | | DANIEL M. PETROCELLI<br>VICTOR JIH<br>O'MELVENY & MYERS LLP |
| | | By: /s/ Victor Jih<br>Victor Jih<br>Attorneys for Defendants<br>Generational Equity of California, LLC,<br>Generational Equity, LLC, GW Equity,<br>LLC, and GW Equity Group, Inc. |

Attestation

I hereby attest that the other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: June 28, 2013                O'MELVENY & MYERS LLP

By: /s/ Victor Jih
Victor Jih

Based on the stipulation of the parties and for good cause shown, IT IS SO ORDERED.

Dated: July 3, 2013

Hon. Carla M. Woehrle
U.S. Magistrate Judge

**EXHIBIT 1**

JAMES C. OTTESON (S.B. #157781)
  jim@agilityiplaw.com
BRANDON BAUM (S.B. #121318)
  brandon@agilityiplaw.com
AGILITY IP LAW, LLP
149 Commonwealth Drive
Menlo Park, CA 94025
Telephone:  (650) 227-4800
Facsimile:   (650) 318-3483

Attorneys for Plaintiff Eran Salu

DANIEL M. PETROCELLI (S.B. #97802)
  dpetrocelli@omm.com
Victor Jih (S.B. #186515)
  vjih@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone:  (310) 553-6700
Facsimile:   (310) 246-6779

Attorneys for Defendant
Generational Equity of California, LLC,
Generational Equity, LLC, GW Equity, LLC,
and GW Equity Group, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERAN SALU, an individual, | Case No. CV-12-1436-CAS (CW) |
| Plaintiffs, | Hon. Christina A. Snyder |
| v. | **PROTECTIVE ORDER** |
| GENERATIONAL EQUITY OF CALIFORNIA, LLC, a limited liability company, GENERATIONAL EQUITY, LLC, GW EQUITY, LLC, GW EQUITY GROUP, INC., and DOES 1 through 10, inclusive, | |
| Defendants. | |

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [*print or type full name*], of _____ [*print or type full address*], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court, Central District of California on _____ in the above captioned case. I agree to comply with and to be bound by all the terms of this Protective Order, including, but not limited to, the provisions dealing with disclosure of materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction and venue of the United States District Court, Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action, and understand that the Court may impose sanctions for any violation of the attached Protective Order.

Date:_____

Printed name:

_____

Signature:

_____

15　　STIPULATED PROTECTIVE ORDER
CV–12–1436–CAS (CW)