UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 12 -1436 CAS (CWx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | ERAN SALU V. GENERATIONAL EQUITY OF CALIFORNIA, LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Brandon Baum | Victor Jih |
| | Jason Tokoro |

**Proceedings:** MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (Docket #43, filed July 23, 2013)

## I. INTRODUCTION

On August 31, 2012, plaintiff Eran Salu filed suit against defendant Generational Equity of California, LLC ("Generational Equity of California"). Dkt 1. The operative Second Amended Complaint ("SAC") joined additional defendants Generational Equity, LLC ("Generational Equity"), GW Equity, LLC, and GW Equity Group, Inc ("GW Equity Group"). Dkt. 31. Plaintiff asserts claims for (1) copyright infringement under 17 U.S.C. § 501; (2) falsifying copyright management information under 17 U.S.C. § 1202(a); and (3) removal/alteration of copyright management information under 17 U.S.C. § 1202(b).

On July 23, 2013, defendant GW Equity Group filed a motion to dismiss for lack of personal jurisdiction. Plaintiff filed an opposition on August 5, 2013, and GW Equity Group filed a reply on August 12, 2013. Plaintiff was granted leave to submit a surreply, which he filed on August 19, 2013. On August 26, 2013, the Court held a hearing. After considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff Eran Salu is the owner and operator of the boutique investment bank SG Capital. SAC ¶ 11. Part of SG Capital's business involves providing business owners with information about how to sell their businesses. Much of this information was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 12 -1436 CAS (CWx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | ERAN SALU V. GENERATIONAL EQUITY OF CALIFORNIA, LLC ET AL. | | |

published in the form of articles posted on the SG Capital website. SAC ¶ 14; Baum Decl. Ex. 1. Plaintiff claims that he owns the copyright for this content. SAC ¶ 15.

Defendants are a set of interrelated corporations and limited liability companies. Defendant GW Equity Group—the defendant at issue in this motion to dismiss—is the parent and sole member of Generational Equity LLC, which is in turn the sole member of Generational Equity of California, LLC. Dkt. 16 (Generational Equity of California's Notice of Interested Parties). GW Equity Group is a Texas corporation, and claims to be a pure holding company that engages in no business except through its subsidiaries. Binkley Decl. ¶¶ 2–8.

Plaintiff alleges that defendants copied content from his SG Capital website to create their own investment websites. SAC ¶¶ 15–19. Defendants' websites, like the SG Capital website, target small business owners looking to sell their businesses. Pl's. Opp. 3-5. Plaintiff further alleges that defendants use this copied content to solicit customers for their mergers and acquisition business, which directly competes with SG Capital. SAC ¶¶ 22–23.

## III.   LEGAL STANDARD

California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state law and federal due process are the same. Cal. Civ. Proc. Code § 410.10; Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991). In order for a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific. A court has general jurisdiction over a nonresident defendant when that defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is "unrelated to the defendant's forum activities." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 446-47 (1952); Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 12 -1436 CAS (CWx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | ERAN SALU V. GENERATIONAL EQUITY OF CALIFORNIA, LLC ET AL. | | |

The standard for establishing general jurisdiction is "fairly high" and requires that the defendant's contacts be substantial enough to approximate physical presence. Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Id. (finding no general jurisdiction when the corporation was not registered or licensed to do business in California, paid no taxes, maintained no bank accounts, and targeted no advertising toward California). Occasional sales to residents of the forum state are insufficient to create general jurisdiction.  See Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986).

A court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities.  Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993).  The test for specific personal jurisdiction has three parts:

(1) The defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws;
(2) The claim must arise out of or result from the defendant's forum-related activities; and
(3) Exercise of jurisdiction must be reasonable.

Id.; see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985).  The plaintiff bears the burden of satisfying the first two prongs, and if either of these prongs is not satisfied, personal jurisdiction is not established.  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).

If the plaintiff establishes the first two prongs regarding purposeful availment and the defendant's forum-related activities, then it is the defendant's burden to "present a compelling case" that the third prong, reasonableness, has not been satisfied. Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 477).  The third prong requires the Court to balance seven factors: (1) the extent of the defendant's purposeful availment, (2) the burden on the defendant, (3) conflicts of law between the forum state and the defendant's state, (4) the forum's interest in adjudicating the dispute,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 12 -1436 CAS (CWx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | ERAN SALU V. GENERATIONAL EQUITY OF CALIFORNIA, LLC ET AL. | | |

(5) judicial efficiency, (6) the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. Roth v. Garcia Marquez, 942 F.2d 617, 623 (9th Cir. 1991).

Where, as here, a court decides a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001). Plaintiff's version of the facts is taken as true for purposes of the motion if not directly controverted, and conflicts between the parties' affidavits must be resolved in plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Unocal, 27 F. Supp. 2d at 1181.

**IV. ANALYSIS**

GW Equity Group argues that it is a Texas corporation, and is therefore not subject to personal jurisdiction in California because it lacks "minimum contacts" with the state. Int'l Shoe Co. v. Washington, 326 U.S. at 316. GW Equity Group avers that it is solely a holding company and that its only relationship to this case is through its subsidiaries and co-defendants Generational Equity and Generational Equity of California. GW Equity Group claims that it has no employees, conducts no independent business, and has no physical presence in California. Decl. Ryan Binkley ¶¶ 2-8. As a purely passive holding company, then, it could not have done anything that would create minimum contacts with California.

In its opposition, plaintiff does not contend that GW Equity Group is subject to general jurisdiction in California. Instead, plaintiff advances two theories for why GW Equity Group should be subject to specific jurisdiction in California. First, plaintiff contests the factual basis of GW Equity Group's argument against specific jurisdiction. Plaintiff claim that, rather than being a passive holding company, GW Equity Group in fact operated the allegedly infringing websites at issue in this case. Operating the websites, in turn, subjects GW Equity Group to specific jurisdiction in California. In the alternative, plaintiff argues that GW Equity Group is subject to personal jurisdiction in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 12 -1436 CAS (CWx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | ERAN SALU V. GENERATIONAL EQUITY OF CALIFORNIA, LLC ET AL. | | |

California because of the acts of its subsidiaries Generational Equity and Generational Equity of California.[1]

     The Court finds plaintiff's first theory persuasive. As discussed above, specific jurisdiction requires that (1) GW Equity Group purposefully directed its activities to California, (2) the claims in this case arise out of GW Equity Group's California-related activities, and (3) the exercise of personal jurisdiction "comport with fair play and substantial justice, i.e., it must be reasonable." CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1076 (9th Cir. 2011) (quoting Schwarzenegger, 374 F.3d at 802).

     On the first prong, plaintiff bears the burden of showing that GW Equity Group purposefully directed its activities at California. Schwarzenegger, 374 F.3d at 802. Here, plaintiff, who is a citizen of California, alleges that GW Equity Group intentionally copied substantial quantities of copyrighted material from the SG Capital website. GW Equity Group then infringed his copyright by publishing this material on its own websites. In support of these allegations, plaintiff has attached a screenshot depicting one of the allegedly infringing websites. Baum. Decl. Ex. 4. This screenshot indicates that the URL of this website was GWEquity.com. At the bottom of the screenshot, the website bears the copyright caption: "Copyright © - 2005 GW Equity - All Rights Reserved." Plaintiff also proffers an "Assumed Name Certificate" which was filed with the Texas Secretary of State on July 25, 2005. Id. Ex. 5. This certificate states that GW Equity Group, Inc. adopted "GW Equity" as an assumed name under which to do business.

     GW Equity Group responds that this evidence does not prove that it owned or operated the allegedly infringing website. In particular, GW Equity Group avers that it is not the only "GW Equity" involved in this case: until 2009, GW Equity Group's co-defendant Generational Equity also did business under the name "GW Equity." GW Equity Group maintains that it was instead Generational Equity that operated GWEquity.com. Likewise, defendant contends that Generational Equity, rather than GW Equity Group, is the "GW Equity" identified in the website's copyright caption. Because

---

     [1]In light of the Court's conclusions herein, it declines to reach plaintiff's alternative argument regarding GW Equity Group's subsidiaries.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 12 -1436 CAS (CWx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | ERAN SALU V. GENERATIONAL EQUITY OF CALIFORNIA, LLC ET AL. | | |

plaintiff has not introduced any evidence specifically identifying GW Equity Group as the infringer, defendant contends that plaintiff has not met its burden of showing that GW Equity Group purposefully directed activities at California.

This argument misconstrues plaintiff's burden at this stage. To establish specific jurisdiction, plaintiff need not prove the merits of its claim against GW Equity Group. Instead, plaintiff "need make only a prima facie showing of jurisdictional facts." Ballard, 65 F.3d at 1498. Here, plaintiff has done so. The allegedly infringing website's URL and copyright caption, taken together with the assumed name certificate stating the GW Equity Group did business under the name GW Equity, are sufficent to support an inference that GW Equity Group operated GWEquity.com. Furthermore, the Court must take these facts as true unless directly controverted. Unocal, 27 F. Supp. 2d at 1181. Here, GW Equity Group has not directly controverted plaintiff's allegations. At best, its argument that there were multiple "GW Equity" entities provides an alternative explanation for plaintiff's facts. But while this alternative explanation could prove to be a strong defense on the merits of plaintiff's claims, it does not defeat personal jurisdiction.

Taking plaintiff's allegations as true, then, plaintiff has met his burden of showing that GW Equity Group purposefully directed its activities at California. Copyright infringement that directly targets the website of a California citizen constitutes purposeful direction. See, e.g., Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124 (9th Cir. 2010). This is especially true where, as here, plaintiff alleges that defendants are exploiting their infringing copies of plaintiff's works to compete with plaintiff's business. See id. at 1130; Salu Decl ¶ 12.

Turning to the second prong of the specific-jurisdiction analysis, the Court finds that plaintiff has also satisfied his burden of showing that the claims in this case arise out of GW Equity Group's California-related activities. Plaintiff claims that GW Equity Group infringed his copyrights, and, as discussed above, this alleged infringement is what subjects GW Equity Group to personal jurisdiction in California.

Because plaintiff has met his burden on the first and second prongs, the burden on the third prong shifts to GW Equity Group to show why subjecting it to personal jurisdiction in California would be unreasonable. Schwarzenegger, 374 F.3d at 802. In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 12 -1436 CAS (CWx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | ERAN SALU V. GENERATIONAL EQUITY OF CALIFORNIA, LLC ET AL. | | |

considering whether GW Equity Group has met its burden, the court considers: (1) the extent of GW Equity Group's purposeful availment in California, (2) the burden on the GW Equity Group, (3) conflicts of law between California and Texas, (4) California's interest in adjudicating the dispute, (5) judicial efficiency, (6) the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. Roth, 942 F.2d at 623. GW Equity Group argues, among other things, that jurisdiction would be unreasonable because California has no particular interest in adjudicating this dispute, it would force a Texas corporation to litigate in California, and Texas offers an alternative forum.

Looking to the reasonableness factors enumerated in Roth, the Court finds that requiring GW Equity to litigate in California would not impose an unreasonable burden. GW Equity shares common counsel and common personnel with its Californian co-defendants Generational Equity and Generational Equity of California. Baum Decl. Exs. 11, 12. Furthermore, both efficient judicial resolution of this dispute and plaintiff's interest in convenient and effective relief favor keeping all of the related "Equity" co-defendants collected in a single action. Accordingly, GW Equity Group has not presented a "compelling case" that exercising personal jurisdiction over it in California would be unreasonable. Burger King, 471 U.S. at 477.

**V.     CONCLUSION**

In accordance with the foregoing, the Court DENIES defendant GW Equity Group's motion to dismiss for lack of personal jurisdiction.

IT IS SO ORDERED.

| | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |